UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

A.P., et al.,

Plaintiffs,

v.

FAYETTE COUNTY PUBLIC SCHOOLS, et al.,

Defendants.

Civil Action No. 5:06-247-JMH

**MEMORANDUM OPINION AND ORDER**

** ** ** ** **

This matter is before the Court on motions for summary judgment filed by defendants Betty Hayes and Barbara Spitz [Record No. 37] and defendants Board of Education of Fayette County and Charlotte Jernigan [Record No. 39]. The matter being fully briefed, it is now ripe for review.

## I. Factual Background

The pertinent facts of the instant case are undisputed. During the 2004-2005 academic year, Plaintiff A.P. was enrolled in Fayette County Public Schools ("FCPS") and attended Lexington Traditional Magnet School ("LTMS"). On April 22, 2005, A.P. left LTMS school grounds during his physical education class. At the time of his disappearance from LTMS, A.P. was a fifteen year-old student receiving special assistance due to a diagnosis of autism. During the class periods that A.P. attended mainstream classes, he was assisted by one of several para-educators. While receiving

assistance from a para-educator, the evidence does not reflect that A.P. had a one-on-one aide.

Defendant Betty Hayes ("Hayes"), a para-educator employed by FCPS, was assigned to assist A.P. and several other students during the class periods when A.P. and the other students attended mainstream classes. On the day in question, Hayes accompanied A.P. and another special education student, D.F., to the gymnasium for physical education class. Hayes was assigned to assist both A.P. and D.F. The gym class attended by A.P. and D.F. was a double class, with twice as many students as a typical class. Two teachers were assigned to the class.

At approximately 1:20 p.m. on April 22, 2005, students began arriving for gym class and were entering and exiting the locker rooms in preparation for class. The students were all wearing black shorts and gray shirts. Hayes positioned herself near the middle of the gym so that she could observe both A.P. and D.F. At this point, Hayes observed A.P. bouncing a ball around the perimeter of the gym, as he often did. Hayes then did a visual check for D.F. When Hayes went to turn her attention back to A.P., he was nowhere in sight. Hayes notified Defendant Barbara Spitz ("Spitz") that she could not locate A.P. Hayes then searched elsewhere in the gym, including the locker rooms and the bleachers. After completing her search of the gym, Hayes noticed that a gym door leading outside was open. Hayes searched outside the gym and

around the school building, but still could not find A.P. Upon noticing the exterior gym door was open, Spitz closed the door. Spitz called the school secretary to advise that A.P. could not be found. As she was obligated to continuing teaching the students in her class, Spitz undertook no further efforts to locate A.P. A.P.'s mother, Linda Parker, was a teacher at LTMS at the time of A.P.'s disappearance. Defendant Charlotte Jernigan, principal of LTMS, testified that upon learning of A.P.'s disappearance, she immediately went to Linda Parker's classroom to inform her that A.P. was missing.

After a search of the school grounds revealed that A.P. was not present on school property, the Lexington Police Department and Transylvania University Police were notified of A.P.'s disappearance. The search for A.P. was expanded off school grounds, and around 4:15 p.m. that afternoon, he was found approximately three blocks from LTMS. Although A.P. was dirty and unclothed, there was no indication of physical or sexual assault, a fact confirmed by a physical examination of A.P. performed at the University of Kentucky hospital. A.P. was released from the hospital the same evening he arrived. David Parker, A.P.'s father, reported that A.P. appeared to suffer no emotional or physical harm as a result of running away from LTMS. David Parker reported that he suffered no physical symptoms or major psychological effects as a result of the incident. Linda Parker reported that since the

incident, she experiences more anxiety regarding A.P.'s location and that she is now taking antidepressants. Linda Parker claims to have developed digestive problems, overeating and high blood pressure as a result of this incident.

LTMS has a policy that all exterior doors are to remain locked from the outside so that no one can enter the school buildings without first checking in at the main office. The doors were not locked from the inside, as this would violate fire and safety codes. Hayes and Spitz both testified that they observed an open door in the gym prior to the sixth period class, presumably due to a problem with the air conditioning in the gym, but neither noticed an open door during A.P's sixth period class until after A.P. went missing.

Plaintiffs assert several claims relating to A.P.'s disappearance from LTMS. As to A.P., Plaintiffs allege a violation of A.P.'s "substantive due process right to be secure" and bring a claim under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. David and Linda Parker assert claims of negligence and intentional infliction of emotional distress. Upon motion of Plaintiffs, on December 6, 2007, the Court dismissed Barbara Spitz as a party to the action [Record No. 38]; therefore, her motion for summary judgment is now moot and will not be addressed by the Court.

**II. Standard of Review**

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Celotex*, 477 U.S. at 325.

When determining if summary judgment is proper, the Court's function is not to weigh the evidence, but to decide whether there are genuine factual issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004). The evidence should be

construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885. While this Court must draw all inferences in a light most favorable to the plaintiff, summary judgment may be granted "if the record, taken as a whole, could not lead a rational trier of fact to find for [the plaintiff]." *McKinnie v. Roadway Express*, 341 F.3d 554, 557 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. Analysis

### A. 42 U.S.C. § 1983

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right or privilege secured by the United States Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).

In his complaint, A.P. claims that as a result of Kentucky's compulsory school attendance law, KRS §159.010, he had a substantive due process right to be secure while enrolled in LTMS. A.P. claims that his right to an education, along with his right to be secure while obtaining that education, were violated, creating a cause of action under 42 U.S.C. § 1983. However, the law is

clear that "[p]ublic education is not a "right" granted to individuals by the Constitution." *Plyer v. Doe*, 457 U.S. 202, 221 (1982) (citing *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 35, (1973)). Accordingly, deprivation of public education cannot form the basis of a claim under § 1983.

Additionally, the law of this Circuit is clear that "compulsory attendance laws do not sufficiently "restrain" students to raise a school's common law obligation [to maintain a safe environment for its students] to the rank of a *constitutional* duty." *Doe v. Claiborne County*, 103 F.3d 495, 510 (6th Cir. 1996)(emphasis in original); see also *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907 (6th Cir. 1995); *Baker v. Clay County Bd. of Educ.*, 871 F.Supp 930 (E.D.Ky. 1994)(holding that compulsory attendance laws did no create a special relationship between the school district and the student). A.P. has not identified a constitutional right of which he was deprived, the first element of a § 1983 claim.

A.P. also appears to claim that his § 1983 cause of action arises from the violation of his substantive right to bodily integrity, as protected by the Fourteenth Amendment of the United States Constitution. A.P. has not demonstrated, or even alleged, that he suffered any injury as a result of his disappearance from LTMS. The evidence establishes that A.P. was found dirty and unclothed, but there is no evidence of any trauma or injury,

physical or otherwise. In fact, A.P.'s father testified that A.P. appeared to suffer no physical or psychological injuries stemming from his disappearance from LTMS.

As A.P. has failed to identify any constitutional right of which he was deprived, the Court need not address A.P.'s argument that a state-created danger caused the alleged deprivation. Accordingly, and for the foregoing reasons, A.P.'s claims under 42 U.S.C. § 1983 fail as a matter of law.

**B. State Law Claims**

As Plaintiffs' only federal claim has been dismissed, the Court declines to exercise jurisdiction over Plaintiffs' pendent state law claims for negligence and intentional infliction of emotional distress. 28 U.S.C. § 1367(c)(3).

**IV. Conclusion**

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

1) That the motion for summary judgment [Record No. 39] by Defendants Board of Education of Fayette County and Charlotte Jernigan be, and the same hereby is, **GRANTED**;

2) That the motion for summary judgment [Record No. 37] by Defendants Betty Hayes and Barbara Spitz be, and the same hereby is, **DENIED AS MOOT** as to Barbara Spitz and **GRANTED** as to Betty Hayes.

This the 24th day of January, 2008.




**Signed By:**

***Joseph M. Hood*** JMH

**Senior U.S. District Judge**